UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAWN MARIE NEWMAN,

                              **Plaintiff,**

                   v.                                      6:15-CV-811
                                                                  (FJS)

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

                              **Defendant.**
_____

**APPEARANCES**                                      **OF COUNSEL**

**OLINSKY LAW GROUP**                      **HOWARD D. OLINSKY, ESQ.**
300 South State Street
Suite 420
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**       **JOSHUA L. KERSHNER, ESQ.**
**OFFICE OF REGIONAL**
**GENERAL COUNSEL – REGION II**
26 Federal Plaza – Room 3904
New York, New York 10278
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff Shawn Marie Newman brought this action pursuant to the Social Security Act, 42 U.S.C. § 405(g) ("Act"), seeking judicial review of a final decision of the Commissioner of

Social Security (the "Commissioner"), finding her ineligible for benefits. *See generally* Dkt. Nos. 1, 11. Currently before the Court are the parties' cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See* Dkt. Nos. 11, 16.

## II. PROCEDURAL HISTORY AND BACKGROUND

Plaintiff applied for benefits on September 18, 2012, alleging disability as of January 1, 2004. *See* Administrative Record ("AR") at 159-62. The Social Security Administration denied Plaintiff's applications on December 27, 2012. *See id.* at 87-94. Plaintiff filed a timely request for a hearing on January 22, 2013. *See id.* at 63. A hearing was held on October 4, 2013, before Administrative Law Judge John Murdock ("ALJ"). *See id.* at 18-50. After further developing the record, the ALJ convened a supplemental hearing on March 11, 2014. *See id.* at 51-72. Plaintiff was not represented at either hearing.

On April 25, 2014, the ALJ issued a written decision in which he made the following findings "[a]fter careful consideration of the entire record . . . ."

1) Plaintiff "meets the insured status requirements of the Social Security Act through December 31, 2008."
2) Plaintiff had not "engaged in substantial gainful activity since January 1, 2004, the alleged onset date."
3) Plaintiff "has the following severe impairments: right arm fracture."
4) Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."
5) "After careful consideration of the entire record, I find that [Plaintiff] has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c)."
6) "[Plaintiff] is capable of performing past relevant work as a home healthcare aide. This work does not require the performance of work-related activities precluded by [Plaintiff's] residual functional capacity."
7) Plaintiff "has not been under a disability, as defined in the Social Security Act, since January 1, 2004, through the date of this decision."

*See* AR at 8-15 (citations omitted).

In support of her motion, Plaintiff advances the following arguments. First, Plaintiff argues that the ALJ erred by not finding her mental impairments to be severe at step two of the disability analysis. Second, Plaintiff argues that the ALJ improperly weighed medical opinion evidence. Third, Plaintiff argues that the ALJ failed to develop the administrative record properly. Fourth, Plaintiff argues that the ALJ improperly assessed her credibility. As a result of these errors, Plaintiff argues, there was not substantial evidence supporting the ALJ's finding that Plaintiff could perform past relevant work. *See generally* Dkt. No. 11, Pl.'s Br.

## III. DISCUSSION

### A. Standard of review

Absent legal error, a court will uphold the Commissioner's final determination if there is substantial evidence to support it. *See* 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence to mean "'more than a mere scintilla'" of evidence and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). Accordingly, a reviewing court "'may not substitute [its] own judgment for that of the [Commissioner], even if [it] might justifiably have reached a different result upon a de novo review.'" *Cohen v. Comm'r of Soc. Sec.*, __ F. App'x __, 2016 WL 1055351, *1 (2d Cir. Mar. 17, 2016) (quoting *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984)). In other words, "[t]he substantial evidence standard means once an ALJ finds facts, [a reviewing court] can reject those facts 'only if a reasonable factfinder would *have to conclude otherwise*.'" *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (quotation and other citation omitted).

To be eligible for benefits, a claimant must show that she suffers from a disability within the meaning of the Act. The Act defines "disability" as an inability to engage in substantial gainful activity ("SGA") by reason of a medically determinable physical or mental impairment that can be expected to cause death or last for twelve consecutive months. *See* 42 U.S.C. § 1382c(a)(3)(A). To determine if a claimant has sustained a disability within the meaning of the Act, the ALJ follows a five-step process:

> 1) The ALJ first determines whether the claimant is engaged in SGA. *See* 20 C.F.R. §§ 416.920(b), 416.972. If so, the claimant is not disabled. *See* 20 C.F.R. § 416.920(b).
>
> 2) If the claimant is not engaged in SGA, the ALJ determines if the claimant has a severe impairment or combination of impairments. *See* 20 C.F.R. § 416.920(c). If not, the claimant is not disabled. *See id*.
>
> 3) If the claimant has a severe impairment, the ALJ determines if the impairment meets or equals an impairment found in the appendix to the regulations (the "Listings"). If so, the claimant is disabled. *See* 20 C.F.R. § 416.920(d).
>
> 4) If the impairment does not meet the requirements of the Listings, the ALJ determines if the claimant can do her past relevant work. *See* 20 C.F.R. § 416.920(e), (f). If so, she is not disabled. *See* 20 C.F.R. § 416.920(f).
>
> 5) If the claimant cannot perform her past relevant work, the ALJ determines if she can perform other work, in light of her RFC, age, education, and experience. *See* 20 C.F.R. § 416.920(f), (g). If so, then she is not disabled. *See* 20 C.F.R. § 416.920(g). A claimant is only entitled to receive benefits if she cannot perform any alternative gainful activity. *See id*.

For this test, the burden of proof is on the claimant for the first four steps and on the Commissioner for the fifth step, if the analysis proceeds that far. *See Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998) (quotation omitted).

Between steps three and four of the disability analysis, the ALJ must determine the claimant's residual functioning capacity ("RFC"), which is defined as "the most you can still do

[in a work setting] despite your limitations."  20 C.F.R. § 416.945(a)(1); *see also* 20 C.F.R. § 416.920(e).  The RFC analysis considers "all of your medically determinable impairments of which we are aware," even if they are not severe.  20 C.F.R. § 416.945(a)(2).  The ALJ is to consider "all of the relevant medical and other evidence" in assessing RFC.  20 C.F.R. § 416.945(a)(3).

**B.  ALJ's step-two finding**

At step two of the disability analysis, the ALJ must determine whether the claimant has a severe impairment or combination of impairments.  *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).  In order to be severe, an impairment or combination of impairments must "significantly limit[] your physical or mental ability to do basic work activities[.]"  *Id.*  An impairment or combination of impairments fails to meet this standard when the evidence "establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . ."  Social Security Ruling ("SSR") 85-28, 1985 WL 56856, *3 (1985).  During the step-two severity analysis, "evidence about the functionally limiting effects of an individual's impairment(s) must be evaluated" and "symptom-related limitations and restrictions must be considered at this step of the sequential evaluation process . . . ."  SSR 96-3p, 1996 WL 374181, *2 (July 2, 1996).  The ALJ is to assess the severity of a claimant's mental impairments in four broad functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.  *See* 20 C.F.R. §§ 404.1520a(c), 416.920a(c).  If the claimant has no more than mild limitation in the first three functional areas and no episodes of decompensation, she generally is not disabled "unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do

basic work activities . . . ." 20 C.F.R. §§ 404.1520a(d)(1) (internal citation omitted), 416.920a(d)(1) (internal citation omitted).

In this case, the ALJ considered Plaintiff's mental impairments including schizophrenia, alcohol abuse, cannabis abuse, posttraumatic stress disorder (resolved), and borderline personality disorder. The ALJ concluded that these impairments, "considered singly and in combination, do not cause more than minimal limitation" in Plaintiff's ability to perform basic work activities. *See* AR at 11. The ALJ further found that Plaintiff suffered from no more than mild limitations in the three functional areas and that there was no evidence in the record tending to show that Plaintiff suffered from any episodes of decompensation of extended duration. *See id.* at 12. The ALJ supported these findings by citing to evidence in the record tending to show that Plaintiff managed her daily affairs, generally got along with others, and had intact concentration and memory at medical appointments. *See id.* at 11-12.

For example, Plaintiff reported to consulting physicians that she could dress, bathe, and groom herself; she cooked, cleaned, and did laundry; managed her own money and used public transportation; and socialized with family, listened to the radio, read, and used the computer. *See* AR at 239. Further, although Plaintiff reported hearing voices in her head for many years, she never acted on them. Indeed, she reported to her treating psychiatrist in both January of 2013 and February of 2014 that her mental symptoms were under control with medication. *See id.* at 267-68. By the time of the March, 2014 hearing, she was no longer attending therapy for her mental issues because her symptoms had significantly improved. *See id.* at 57-59. Nearly all of the medical records, including those from Plaintiff's treating psychiatrist, show normal mental status examinations. *See, e.g.*, *id.* at 237-38, 261, 263-65, 267-71. For these reasons, the Court finds that substantial evidence supported the ALJ's finding that Plaintiff's mental impairments

were not severe as defined in the regulations.[1]  20 C.F.R. §§ 404.1520(c), 416.920(c); *Richardson*, 402 U.S. at 401.

## C. ALJ's weighing of medical opinions

During the disability analysis, the ALJ "will always consider the medical opinions " in the record together with other relevant evidence.  20 C.F.R. § 404.1527(b).  Medical opinions are "statements from physicians and psychologists or other acceptable medical sources that reflect judgments" about a claimant's impairments and their effects.  20 C.F.R. § 404.1527(a)(2).

Generally, the ALJ will consider the following factors in deciding what weight to afford the opinion of an acceptable medical source: whether the source examined the claimant; how well the source explains his or her opinion with relevant evidence; how consistent the opinion is with the record as a whole; whether the source is a specialist in the area of his or her opinion; and other factors tending to support or contradict the opinion.  *See* 20 C.F.R. § 404.1527(c)(1)-(6).  Additionally, the Commissioner's regulations instruct that,

> [g]enerally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) . . . .  If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.

20 C.F.R. § 404.1527(c)(2).

---

[1] For the same reasons, Plaintiff's argument that the ALJ erred by not including these impairments in his RFC analysis is without merit.  Although Plaintiff was diagnosed with a number of mental impairments—and indeed, the record contains significant documentation of Plaintiff's mental health treatment—evidence is generally lacking which would tend to show that Plaintiff's capacity to work is limited as a result.  *See Dumas v. Schweiker*, 712 F.2d 1545, 1553 (2d Cir. 1983) (instructing that an ALJ may rely "on what [the record] does not say" (citations omitted)).

In this case, Plaintiff argues that the ALJ erred by affording very limited weight to the opinions of consulting physicians Drs. Shapiro and Tabb. The ALJ noted that Dr. Shapiro's opinion that Plaintiff would have difficulty with concentration, following a regular schedule, and making appropriate decisions was inconsistent with Dr. Shapiro's own examination findings. In particular, the ALJ noted that Dr. Shapiro observed that Plaintiff was cooperative with normal speech, that her thought process was coherent with no evidence of hallucinations, and that her concentration and memory were intact. *See* AR at 11 (citing *id.* at 237-38). The ALJ further pointed out a number of inconsistencies between Dr. Shapiro's opinion and the balance of the record, including counseling notes and treatment notes of Dr. Patil, Plaintiff's treating psychiatrist. *See id.* at 11-12.

With respect to Dr. Tabb's opinion that Plaintiff would have mild restrictions in lifting, bending, pushing, pulling, and carrying and that she should avoid work in environments with dusk, smoke, and other respiratory irritants, the ALJ noted that the "medical evidence analyzed above does not show or contain any treatment for [Plaintiff's] seizures or asthma." *See* AR at 14. The ALJ further noted that Dr. Tabb found no abnormalities in Plaintiff's chest or lungs. *See id.* Further review of Dr. Tabb's notes shows that Plaintiff's physical examination was entirely normal except for reduced range of motion in the right shoulder. *See id.* at 244-46. Additionally, although Plaintiff argues that the ALJ ignored her testimony that she uses an inhaler for her asthma, as well as her report to her therapist that she had begun taking Topamax for seizures, the Court finds any such oversight by the ALJ to be harmless to the extent that the ALJ properly found Plaintiff's testimony to be not entirely credible. *See infra* Part III.E.

For these reasons, the Court finds that the ALJ properly weighed the opinions of Drs. Shapiro and Tabb. *See* 20 C.F.R. § 404.1527(c); *Richardson*, 402 U.S. at 401.

### D. ALJ's development of the administrative record

The ALJ must "'affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding.'" *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 509 (2d Cir. 2009) (quotation omitted). This duty is heightened when the claimant is unrepresented. *See Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 83 (2d Cir. 2009) (citations omitted). Thus, the regulations provide that the Commissioner will "develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary . . . ." 20 C.F.R. §§ 404.1512(d), 416.912(d). If the evidence is incomplete or inconsistent, the ALJ may recontact medical sources, request additional existing records, order a consultative examination, or ask the claimant or others for more information. *See* 20 C.F.R. §§ 404.1520b(c)(1)-(4), 416.920b(c)(1)-(4).

In particular, although medical reports should contain an opinion on the claimant's RFC, a medical report is not deemed incomplete because it lacks such an opinion. *See* 20 C.F.R. §§ 404.1513(b)(6), 416.913(b)(6). Indeed, "'where there are no obvious gaps in the administrative record, and where the ALJ already possesses a "complete medical history," the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim.'" *Swiantek v. Comm'r of Soc. Sec.*, 588 F. App'x 82, 84 (2d Cir. 2015) (quoting *Rosa[ v. Callahan]*, 168 F.3d [72,] 79 n.5 [(2d Cir. 1999)]).

In this case, the ALJ acknowledged at Plaintiff's hearing that there appeared to be gaps in the record, particularly treatment records from Dr. Patil and Rome Mental Health. *See* AR at 36, 47-48. The ALJ subsequently supplemented the record with these documents and then convened

a second hearing to discuss the new evidence, to allow Plaintiff the opportunity to respond, and to acquire vocational expert testimony. *See id.* at 54-55. Accordingly, the Court finds that the ALJ took appropriate steps to develop the administrative record and that he did not err by not specifically requesting medical source statements. *See* 20 C.F.R. §§ 404.1520b(c)(1)-(4), 416.920b(c)(1)-(4).

## E. ALJ's credibility finding

"'It is the function of the [Commissioner], not [a reviewing court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant.'" *Aponte v. Sec'y, Dep't of Health & Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984) (quotation omitted). When a claimant makes subjective allegations of symptoms limiting her ability to function, the regulations provide that

> [y]our symptoms, such as pain . . . will not be found to affect your ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present . . . which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.

20 C.F.R. § 416.929(b); *see also* 20 C.F.R. § 404.1529(b). Accordingly, the Social Security Administration has adopted a two-step standard for assessing a claimant's credibility. *See* SSR 96-7p, 1996 WL 374186, *2 (July 2, 1996); *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010).

> First, the ALJ must determine whether the claimant suffers from a "medically determinable impairment[ ] that could reasonably be expected to produce" the pain alleged. 20 C.F.R. § 404.1529(c)(1); . . . Second, the ALJ must evaluate the intensity and persistence of those symptoms considering all of the available evidence; and, to the extent that the claimant's pain contentions are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry. . . .

*Meadors*, 370 F. App'x at 183 (internal citations and footnote omitted).

In this case, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. He then found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely credible. *See* AR at 14. The ALJ supported this conclusion by discussing a number of ways in which Plaintiff's testimony and alleged limitations were contradicted by the medical evidence of record, including the treatment notes of her treating psychiatrist. *See id.* at 14-15. As noted, further review of the record reveals that Plaintiff's statements regarding her activities of daily living and her performing past work while suffering from similar impairments support the ALJ's conclusion that Plaintiff was less than entirely credible. Accordingly, the Court finds that the ALJ sufficiently analyzed Plaintiff's subjective allegations to the extent that they were not substantiated by objective medical evidence. *See Meadors*, 370 F. App'x at 183.

The Court has considered Plaintiff's additional arguments and finds them to be without merit. In summary, to the extent that Plaintiff points to evidence in the Administrative Record that reasonably might support a different conclusion in her favor, "whether there is substantial evidence supporting the appellant's view is not the question" on appeal. *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013). Accordingly, the Court finds that the ALJ applied the appropriate legal standards and further that there is substantial evidence supporting his findings. *See Richardson*, 402 U.S. at 401.

## IV. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No 11, is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 16, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED** and Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: May 25, 2016
      Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge